IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>MARIO JAIME DEL VALLE VÉLEZ,<br><br>    **Debtor.** | **Bankruptcy Nos.** 19-3780;<br>20—00099 |
| DAVID SÁNCHEZ—ROSARIO,<br><br>    **Appellant,**<br><br>        **v.**<br><br>COOP A/C METODISTAS UNIDOS,<br>MARIO JAIME DEL VALLE—VÉLEZ,<br>SCOTIABANK AND/OR ORIENTAL<br>BANK PR, CHAPTER 13 TRUSTEE<br>JOSÉ CARRIÓN<br><br>    **Appellees.** | **Civil No.** 21-1062 (FAB) |

**MEMORANDUM AND ORDER**

BESOSA, District Judge.

Before the Court is *pro se* appellant David Sánchez—Rosario (Sánchez)'s appeal from several orders of the bankruptcy court. (Docket No. 1.)[1]  As discussed below, the Court **DISMISSES** this appeal on its own motion after Sánchez, in violation of Federal Rule of Bankruptcy Procedure 8018 ("Bankruptcy Rule 8018"), failed to file a brief.

---

[1] All references to the docket refer to Civil Case No. 21—1062 unless specified otherwise.

## I.   Factual and Procedural History

Appellant Sánchez is an attorney and represented a creditor, Coop A/C Metodistas Unidos ("Cooperativa"), in the bankruptcy proceedings, Case No. 19—03780 and Adversary Proceeding No. 20—00099.  (Docket No. 1—1 at p. 1.)  Sánchez filed a Notice of Appeal and Statement of Election on January 16, 2021, objecting to a December 16 denial of the debtor's motion for sanctions, and a December 17 order granting Sánchez's motion to withdraw as attorney for Cooperativa, giving Cooperativa until January 11, 2021 to file a notice of appearance and any objection to the chapter 13 plan, and denying Cooperativa's motion requesting dismissal or conversion.  Id.; Docket Nos. 1—4 at p. 1 & 1—5 at p. 24.  In his Notice of Appeal, Sánchez also listed bankruptcy docket entries #34, 35, 36, 37, 38, and 39, none of which are orders.  (Docket Nos. 1—1 at p. 1 & 1—5 at pp. 5—6.)

Sánchez elected to appeal to the district court pursuant to 28 U.S.C. § 158, Federal Rule of Bankruptcy Procedure 8005, and Local Rule 83K.  (Docket No. 1—1 at p. 2.)  The case was transmitted to the district court on February 8, 2021.  (Docket No. 1.)

On April 7, 2021, the clerk of the bankruptcy court certified that an incomplete record was being transmitted because Sánchez had not filed a designation of items to be included in the record on appeal, or a statement of issues to be presented, which he had

been required to do within 14 days of the filing of the notice of appeal pursuant to Federal Rule of Bankruptcy Procedure 8009(a). (Docket No. 3 at p. 1.)

Sánchez did not file any brief to accompany his appeal. On August 3, 2021, this Court ordered Sánchez to file a brief by August 18, 2021 or risk his appeal being dismissed on the Court's own motion pursuant to Bankruptcy Rule 8018.  (Docket No. 4.)

Sánchez did not respond to the Court's order, has not requested an extension of the deadline, and has not filed any brief.

## II.  Applicable Law

Bankruptcy Rule 8018 requires that an appellant "serve and file a brief within 30 days after the docketing of notice that the record has been transmitted or is available electronically." Fed. R. Bankr. P. 8018(a)(1).  It also states that "[i]f an appellant fails to file a brief on time or within an extended time authorized by the district court or BAP, . . . the district court or BAP, after notice, may dismiss the appeal on its own motion." Fed. R. Bankr. P. 8018(a)(4).

Dismissal of an appeal based on failure to comply with procedural requirements is an admittedly "harsh sanction." In re Serra Builders, Inc., 970 F.2d 1309, 1311 (4th Cir. 1992).  The court in Puerto Rico Telephone Co. v. Advance Cellular Sys. (In re

Advance Cellular Sys.) outlined a useful framework for exercising
the court's discretion to dismiss a bankruptcy appeal when the
appellant does not follow a procedural rule.   262 B.R. 10, 15
(D.P.R. 2001) (Fusté, J.).   The court recommended that district
courts should consider:

> (1) whether the appellant was negligent or acted in bad
> faith; (2) what prejudice, if any, the other interested
> parties of the bankruptcy proceeding as well as the
> proceedings themselves incurred as a result of the
> appellant's failure to perfect the appeal; (3) the
> strength of the appellant's explanation for the delay;
> and (4) the appropriateness of a sanction as measured by
> the objectives of the relevant Federal Rules of
> Bankruptcy Procedure.

Id. (analyzing what sanction to use when an appellant failed to
provide the district court with the relevant record on appeal).
Bad faith may be inferred from a bankruptcy appellant's "overall
behavior . . . throughout the procedure," including "failure to
explain satisfactorily her nonfiling of a brief after the district
court gave her an opportunity to do so." In re Weiss, 111 F.3d
1159, 1173 (4th Cir. 1997); see also Brandeen v. Liebmann, No. 16–
2945, 2017 WL 1398266, at *2 (D. Md. Apr. 19, 2017)(inferring bad
faith where appellant received repeated notifications from former
counsel and the court on the deadline for filing a brief, but never
filed a brief and failed to respond to the court's order to show
cause).

### III. Analysis

The Court will consider whether dismissal is warranted here under the considerations outlined in Puerto Rico Telephone Co.. Puerto Rico Telephone Co., 262 B.R. at 15. First, Sánchez has not submitted a brief in the 161 days since the record was transmitted, leaving this Court with very little idea what his appeal is even about. Sánchez did not reply to the Court's Order of August 3, 2021 that required him to file and serve a brief by August 18, 2021. It is now a month past that date and Sánchez has failed to ask for an extension or even respond at all. This lack of action evokes bad faith or at best negligence, particularly when seen in light of his evident failure to designate to the bankruptcy clerk the items to be included in the record on appeal. See In re Weiss, 111 F.3d at 1173; Docket No. 3 at p. 1.

As to the remaining factors, none weighs against dismissal. Delays of months undoubtedly prejudice the other parties, if only in their retention of counsel while the case pends. Additionally, the Court has received no explanation for why Sánchez has not yet filed a brief, so this factor cannot be given any weight. And finally, the rules conceive of dismissal by the Court's own motion where no brief is filed and extra time has been given to file it. See Fed. R. Bankr. P. 8018(a)(4). The Court must use its discretion to weigh the heavy sanction of dismissal, but because

Sánchez has taken no action in this case since filing his appeal, the Court sees no other sanction that would provoke a response.

## IV.  Conclusion

For the reasons set forth above, this appeal is **DISMISSED with prejudice** on the Court's own motion.

Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, September 16, 2021.

<u>s/ Francisco A. Besosa</u>
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE